# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Diego M. Galietti,

     Plaintiff

v.

Western Progressive-Nevada, Inc.,

     Defendant

Case No.: 2:19-cv-02172-JAD-VCF

**Order Granting Ex Parte Motion for Temporary Restraining Order and Setting Hearing on Motion for a Preliminary Injunction**

[ECF No. 4]

Pro se plaintiff Diego M. Galietti applies on an ex parte basis for an order temporarily restraining defendant Western Progressive-Nevada, Inc. from foreclosing on his home.[1]  Galietti contends in his verified complaint that Western Progressive filed a Notice of Default and Election to Sell the real property on December 14, 2016.[2]  He also contends and provides evidence to show that Western Progressive filed Notices of Trustee Sale on December 27, 2017, September 28, 2018, and November 13, 2019, and that the property is scheduled to be sold at public auction on December 27, 2019.[3]

Galietti alleges that he has repeatedly informed Western Progressive by letters that the assignment under which it purports to act is "defective, void[,] and unenforceable."[4]  Galietti's belief is based on prior legal proceedings that he's been involved with about this property. Those proceedings include the Nevada Supreme Court's 2012 determination that a gap in the

---

[1] ECF No. 4.

[2] ECF No. 1 at ¶ 18.

[3] *Id.* at ¶¶ 17–18.  Galietti alleges that the sale will occur on December 27, **2017**, but this appears to be a typo because the Notice of Trustee's Sale attached as Exhibit III to his complaint states that the sale will occur on December 27, **2019**.  *Compare* ECF No. 1 at ¶ 17, *with* ECF No. 1 at 23.

[4] ECF No. 1 at ¶ 27.

chain of title existed and was "not otherwise explained" in the appellate record.[5] They also include the trial court's determinations on remand that the documents were still incomplete and that Galietti's property should not have been foreclosed on.[6] Following the trial court's decision, American Home Mortgage Servicing, Inc. rescinded and unwound the foreclosure sale.[7] Galietti theorizes that, because his lender filed for bankruptcy in 2007, the gap that the state court found in the chain of title could not have been lawfully filled and any document purporting to provide Western Progressive with authority to act on behalf of any entity claiming an interest in the property is void.[8]

With his application and verified complaint, Galietti has demonstrated that he is likely to be irreparably harmed if the foreclosure sale of his real property is conducted before the parties can be heard on his motion for a preliminary injunction. He has also demonstrated that this harm will occur before Western Progressive can be heard in opposition to the motion for a temporary restraining order considering the court's holiday closures and the December 27th date of the trustee's sale.

Accordingly, IT IS HEREBY ORDERED that Galietti's motion for a temporary restraining order **[ECF No. 4] is GRANTED**. Western Progressive-Nevada, Inc. and its officers, agents, servants, employees, and attorneys, and others acting in active concert or participation with Western Progressive are **RESTRAINED** from proceeding with the foreclosure sale of real property known as 3569 Pinnate Drive, Las Vegas, Nevada.

---

[5] *Id.* at 13–16 (attaching Nevada Supreme Court's Order Affirming in Part, Reversing in Part and Remanding in *Galietti v. American Home Mortgage Servicing, Inc.*, No. 57709 (Nev. Feb. 8, 2012)).

[6] *See id.* at 18–20.

[7] *Id.*

[8] *Id.* at ¶ 14.

IT IS FURTHER ORDERED that this temporary restraining will automatically **EXPIRE at 5:00 p.m. on January 3, 2020**, unless it is extended by the court for cause or converted into a preliminary injunction.

IT IS FURTHER ORDERED that Galietti must post a bond with the court in the amount of **$200 by 4:00 p.m. on December 26, 2019**, to effectuate this order and recompense Western Progressive if it is later determined that Western Progressive has been wrongfully restrained.

Galietti contends that he served Western Progressive with the summons and copies of the complaint, motion for temporary restraining order, and motion for a preliminary injunction via U.S. mail, first class on December 17, 2019.[9] This manner of service does not appear to satisfy Rule 4 of the Federal Rules of Civil Procedure, which governs service of the summons and copy of the complaint in federal court. And because of the address that Galietti claims he used,[10] it is unclear whether this manner of service will provide Western Progressive with notice of the motions.

IT IS THEREFORE ORDERED that Galietti must serve Western Progressive's resident agent with the summons and copies of the complaint, motion for a preliminary injunction [ECF No. 3], and this order as soon as is practicably possible, but no later than 5:00 p.m. on December 27, 2019. Service via U.S. mail is sufficient for purposes of the motion for a preliminary injunction if the resident agent receives that document by December 27, 2019. Galietti must thereafter file proof that service was accomplished.

IT IS FURTHER ORDERED that Galietti's motion for a preliminary injunction [ECF No. 3] will be heard at **3:00 p.m. on January 3, 2020**, in Courtroom 6D of the Lloyd D.

---

[9] ECF Nos. 4 at 9 & 3 at 9.

[10] Based on the Nevada Secretary of State's website, the address that Galietti used appears to be that for two of the corporation's officers in Georgia.

1 George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas Nevada, 89101. Western

2 Progressive has until **noon on January 2, 2020**, to file any response to the motion for

3 preliminary injunction. No further briefing will be permitted.

4 _____

U.S. District Judge Jennifer A. Dorsey
December 20, 2019